VINSON & ELKINS LLP
STEVEN D. MOORE (SBN 290875)
stevemoore@velaw.com
CECELIA A. RIVERA (SBN 357220)
crivera@velaw.com
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: 415.979.6900
Facsimile: 415.651.8786

MICHAEL D. JAY (SBN 223827)
mjay@velaw.com
SARAH Y. KAMRAN (SBN 347617)
skamran@velaw.com
2121 Avenue of the Stars, Suite 620
Los Angeles, CA 90067
Telephone: 213.527.6400
Facsimile: 213.527.6401

Attorneys for Plaintiff
MOTOROLA MOBILITY LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOTOROLA MOBILITY LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOOMCLOUD 360, INC.,<br><br>Defendant. | Case No.<br><br>**MOTOROLA MOBILITY LLC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Motorola Mobility LLC ("Motorola") files this Complaint for Declaratory Judgment of Non-Infringement against Defendant Boomcloud 360, Inc. ("Boomcloud") and in support of its Complaint alleges as follows:

**NATURE OF ACTION**

1. This is an action for a declaratory judgment of non-infringement arising under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, Title 35 of the United States Code.

2. On January 30, 2026, Boomcloud initiated lawsuits ("the Texas Lawsuits") by filing complaints in the Eastern District of Texas ("the Texas Actions") for patent infringement against AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Corp. (collectively, "AT&T") (*Boomcloud 360, Inc. v. AT&T Services, Inc. et al.*, Case No. 2:26-cv-00082); and against T-Mobile USA, Inc. ("T-Mobile") (*Boomcloud 360, Inc. v. T-Mobile USA, Inc.*, Case No. 2:26-cv-00080).

3. Motorola is not named as a defendant in the Texas Actions. Boomcloud, however, served infringement contentions in the Texas Lawsuits, contending that "each Asserted Claim [of U.S. Patent Nos. 10,313,820 ('the '820 patent'); 10,721,564 ('the '564 patent'); and 10,757,527 ('the '527 patent') (collectively 'Patents-in-Suit')] is infringed by the various instrumentalities used, made, sold, offered for sale, or imported into the United States by Defendant[s], including: . . . Motorola Edge, Edge+, Motorola Razr, Motorola Razr 5G, Motorola Razr+, Moto G Power, Moto G Stylus, Moto G Play, Moto G Power, and Moto G Power 5G alone or in combination with Moto Buds+, Moto Buds, and all versions and variations thereof" ("Accused Motorola Products"). Exhibit 4 at 4; Exhibit 5 at 4.[1] Boomcloud further contends that the Accused Motorola Products "constitute a material part of the inventions claimed in the Asserted Claims, are especially made or adapted to infringe the Asserted Claims, and are otherwise not staple articles or commodities of commerce suitable for non-infringing use." Exhibit 4 at 6; Exhibit 5 at 6.

[1] A true and correct copy of the '820 patent is attached as Exhibit 1. A true and correct copy of the '564 patent is attached as Exhibit 2. A true and correct copy of the '527 patent is attached as Exhibit 3. A true and correct copy of Boomcloud's infringement contentions against AT&T is attached as Exhibit 4. A true and correct copy of Boomcloud's infringement contentions against T-Mobile is attached as Exhibit 5.

Boomcloud's infringement contentions further include claim charts purporting to map claims of the Patents-in-Suit onto the Accused Motorola Products, including by accusing spatial audio functionality in those products ("Accused Functionality"). Exhibit 4, Exs. A-C; Exhibit 5, Exs. A-C.

4. On June 17, 2026, Boomcloud initiated additional lawsuits by filing complaints in the Eastern District of Texas for patent infringement against Best Buy Co., Inc. ("Best Buy") (*Boomcloud 360, Inc. v. Best Buy Co., Inc.*, Case No. 2:26-cv-00488); against Target Corp. ("Target") (*Boomcloud 360, Inc. v. Target Corp.*, Case No. 2:26-cv-00489); and against Walmart, Inc. ("Walmart") (*Boomcloud 360, Inc. v. Walmart, Inc.*, Case No. 2:26-cv-00499). Boomcloud's infringement allegations against Best Buy, Target, and Walmart are substantially similar to Boomcloud's infringement allegations against AT&T and T-Mobile in the Texas Lawsuits.

5. On information and belief, Boomcloud will contend, inter alia, that Best Buy's, Target's, and Walmart's sales of the Accused Motorola Products infringe the Patents-in-Suit for reasons similar to those set forth in Boomcloud's infringement contentions in the Texas Lawsuits.

6. Boomcloud has served subpoenas on Motorola in the Texas Actions requesting production of documents and deposition testimony relating to the Accused Motorola Products.

7. Boomcloud's actions place a cloud of uncertainty on the commercial use of the Accused Motorola Products; threaten Motorola's business and relationships with its customers and partners; and create a justiciable controversy between Motorola and Boomcloud. As the supplier of the Accused Motorola Products, Motorola has an economic interest in the Accused Motorola Products that it sells to its customers and partners, including end users and retailers, including but not limited to AT&T, T-Mobile, Best Buy, Target, and Walmart. Motorola thus brings this action to obtain a declaratory judgment that Motorola does not infringe any claim of the Patents-in-Suit, directly or indirectly, literally, or under the doctrine of equivalents.

## THE PARTIES

8. Motorola Mobility LLC ("Motorola") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 222 W.

Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654, and has a place of business within this District.

9. On information and belief, Boomcloud is a corporation organized and existing under the laws of Delaware and has a place of business in California at 687 South Coast Hwy 101, Suite # 311, Encinitas, CA 92024.

10. On information and belief, Boomcloud's principal address is 687 South Coast Hwy 101, Suite # 311, Encinitas, CA 92024 and Boomcloud maintains a corporate mailing address in this District at P.O. Box 620364, Woodside, CA 94062. Boomcloud's CEO, Darrin Heggemier, has an address at 687 South Coast Hwy 101, Suite # 311, Encinitas, CA 92024. Boomcloud's CFO and agent for service of process, Gregory Wimmer, has addresses at P.O. Box 620364, Woodside, CA 94062 and 555 Byron Street, Unit # 310, Palo Alto, CA 94301.

## JURISDICTION AND VENUE

11. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

12. The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* For the reasons stated herein, Boomcloud has created a real, live, immediate, and justiciable case or controversy between Boomcloud and Motorola with regard to alleged infringement of claims within the Patents-in-Suit.

13. This Court has personal jurisdiction over Boomcloud because Boomcloud is at home in California and is therefore subject to general personal jurisdiction throughout the state, including in this District. Boomcloud's principal address is in Encinitas, CA. The Patents-in-Suit identify all three inventors as having residences in San Diego, CA, and Boomcloud used an attorney based in Mountain View, CA, which is in this District, for prosecution of the Patents-in-Suit. Boomcloud's corporate mailing address is also in Woodside, CA, which is within this District. Boomcloud's CEO has an address in Encinitas, CA, and Boomcloud's CFO and agent

for service of process has addresses in Woodside, CA and Palo Alto, CA, which are in this District.

14. Boomcloud has purposefully directed enforcement activities at Motorola relating to the Patents-in-Suit, knowing the intended effects of its activities would be felt by Motorola. In particular, Boomcloud purposefully directed enforcement activities at Motorola by predicating alleged infringement of the Patents-in-Suit on functionality of the Accused Motorola Products.

15. In addition, Boomcloud's infringement contentions identify accused products manufactured by Motorola and Samsung, which have offices in this District, as well as accused products by Apple and Google, which also are both headquartered in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Motorola's claim alleged in this Complaint, including the sale and offer for sale of the Accused Motorola Products, occurred in this District, and Boomcloud is subject to this Court's personal jurisdiction.

17. For the reasons stated herein, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## DIVISIONAL ASSIGNMENT

18. This is an intellectual property action subject to district-wide assignment pursuant to Local Rules 3-2(c) and 3-5(b).

## THE PATENTS-IN-SUIT

19. On June 4, 2019, the United States Patent and Trademark Office ("Patent Office") issued the '820 patent, entitled "Sub-band Spatial Audio Enhancement." A true and correct copy of the '820 patent is attached as Exhibit 1.

20. On July 21, 2020, the Patent Office issued the '564 patent, entitled "Subband Spatial and Crosstalk Cancellation for Audio Reproduction." A true and correct copy of the '564 patent is attached as Exhibit 2.

21. On August 25, 2020, the Patent Office issued the '527 patent, entitled "Crosstalk Cancellation B-chain." A true and correct copy of the '527 patent is attached as Exhibit 3.

**COUNT ONE**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,313,820)**

22. Motorola repeats and realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Boomcloud claims to own all rights, title, and interest in the ’820 patent. *See, e.g.*, *Boomcloud 360, Inc. v. AT&T Services, Inc. et al.*, Case No. 2:26-cv-00082-JRG (EDTX), Dkt. 1, ¶ 47.

24. In the Texas Lawsuits, Boomcloud contends that the Accused Motorola Products infringe claims 1-27 of the ’820 patent. Exhibit 4 at 2; Exhibit 5 at 2.

25. Claim 1 of the ’820 patent recites:

> A method for enhancing an audio signal having a left input channel and a right input channel, comprising:
>
> processing the left input channel and the right input channel into a spatial component and a nonspatial component, the spatial component including a difference between the left input channel and the right input channel and the nonspatial component including a sum of the left input channel and the right input channel;
>
> applying first subband gains to subbands of the spatial component to generate an enhanced spatial component, wherein applying the first subband gains to the subbands of the spatial component includes applying a first set of subband filters to the spatial component;
>
> applying second subband gains to subbands of the nonspatial component to generate an enhanced nonspatial component, wherein applying the second subband gains to the subbands of the nonspa-tial component includes applying a second set of subband filters to the nonspatial component; and
>
> combining the enhanced spatial component and the enhanced nonspatial component into a left output channel and a right output channel.

26. Claim 1 is an independent method claim and is representative. The remaining independent claims, system claim 14 and computer readable medium claim 27, recite elements similar to those of claim 1. The Accused Motorola Products do not practice every limitation required by those independent claims, and therefore, Motorola does not infringe any claim of the ’820 patent.

27. For example, claim 1 requires the steps of "processing the left input channel and the right input channel into a spatial component and a nonspatial component, the spatial component including a difference between the left input channel and the right input channel and the nonspatial component including a sum of the left input channel and the right input channel," "applying first subband gains to subbands of the spatial component to generate an enhanced spatial component," "applying second subband gains to subbands of the nonspatial component to generate an enhanced nonspatial component," and "combining the enhanced spatial component and the enhanced nonspatial component." Motorola does not perform at least these steps.

28. Motorola, including the Accused Motorola Products, has not infringed and does not infringe any claims of the '820 patent either directly, literally or under the doctrine of equivalents, contributorily, or by inducement. Motorola does not induce infringement of the '820 patent claims for at least the reasons stated above with respect to no underlying direct infringement of the '820 patent claims, and at least because Motorola has not acted with the knowledge and specific intent necessary for induced infringement. Motorola does not contributorily infringe the claims of the '820 patent for at least the reasons stated above with respect to no underlying direct infringement of the '820 patent claims, and at least because Motorola has not acted with the knowledge necessary for contributory infringement, and at least because the Accused Motorola Products have substantial non-infringing uses.

29. As set forth above, there exists an actual controversy between Motorola and Boomcloud with respect to alleged infringement of the '820 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the '820 patent.

30. Motorola seeks a judicial determination that Motorola has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the '820 patent.

**COUNT TWO**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,721,564)**

31. Motorola repeats and realleges Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Boomcloud claims to own all rights, title, and interest in the ’564 patent. *See, e.g.*, *Boomcloud 360, Inc. v. AT&T Services, Inc. et al.*, Case No. 2:26-cv-00082-JRG (EDTX), Dkt. 1, ¶ 23.

33. In the Texas Lawsuits, Boomcloud contends that the Accused Motorola Products infringe claims 1-21 of the ’564 patent. Exhibit 4 at 2; Exhibit 5 at 2.

34. Claim 1 of the ’564 patent recites:

> A method for crosstalk cancellation for an audio signal output by a first speaker and a second speaker, comprising:
>
> determining a speaker parameter for the first speaker and the second speaker, the speaker parameter comprising a listening angle between the first and second speakers;
>
> generating a compensation signal for a plurality of frequency bands of the audio signal, the compensation signal removing estimated spectral defects in each frequency band from crosstalk cancellation applied to the audio signal, wherein the crosstalk cancellation and the compensation signal are determined based on the speaker parameter;
>
> precompensating the audio signal for the crosstalk cancellation by adding the compensation signal to the audio signal to generate a precompensated signal; and
>
> performing the crosstalk cancellation on the precompensated signal based on the speaker parameter to generate a crosstalk cancelled audio signal.

35. Claim 1 is an independent method claim and is representative. The remaining independent claims, method claim 6 and computer readable medium claim 14, recite elements similar to those of claim 1. The Accused Motorola Products do not practice every limitation required by those independent claims, and therefore, Motorola does not infringe any claim of the ’564 patent.

36. For example, claim 1 requires the steps of “determining a speaker parameter for the first speaker and the second speaker, the speaker parameter comprising a listening angle

between the first and second speakers" and "performing the crosstalk cancellation on the precompensated signal based on the speaker parameter to generate a crosstalk cancelled audio signal." Motorola does not perform at least these steps.

37. Motorola, including the Accused Motorola Products, has not infringed and does not infringe any claims of the ’564 patent either directly, literally or under the doctrine of equivalents, contributorily, or by inducement. Motorola does not induce infringement of the ’564 patent claims for at least the reasons stated above with respect to no underlying direct infringement of the ’564 patent claims, and at least because Motorola has not acted with the knowledge and specific intent necessary for induced infringement. Motorola does not contributorily infringe the claims of the ’564 patent for at least the reasons stated above with respect to no underlying direct infringement of the ’564 patent claims, and at least because Motorola has not acted with the knowledge necessary for contributory infringement, and at least because the Accused Motorola Products have substantial non-infringing uses.

38. As set forth above, there exists an actual controversy between Motorola and Boomcloud with respect to alleged infringement of the ’564 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the ’564 patent.

39. Motorola seeks a judicial determination that Motorola has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the ’564 patent.

**COUNT THREE**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,757,527)**

40. Motorola repeats and realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Boomcloud claims to own all rights, title, and interest in the ’527 patent. *See, e.g.*, *Boomcloud 360, Inc. v. AT&T Services, Inc. et al.*, Case No. 2:26-cv-00082-JRG (EDTX), Dkt. 1, ¶ 35.

42. In the Texas Lawsuits, Boomcloud contends that the Accused Motorola Products infringe the claims 1-30 of the ’527 patent. Exhibit 4 at 2; Exhibit 5 at 2.

43. Claim 1 of the ’527 patent recites:

> A system for enhancing an input audio signal for a left speaker and a right speaker, comprising:
>
> a processing circuitry configured to:
>
> determine asymmetries between the left speaker and the right speaker in frequency response, time alignment, and signal level for a listening position; and
>
> generate a left output channel for the left speaker and a right output channel for the right speaker by at least one of:
>
> applying an N-band equalization to the input audio signal to adjust for the asymmetry in the frequency response;
>
> applying a delay to the input audio signal to adjust for the asymmetry in the time alignment; or
>
> applying a gain to the input audio signal to adjust for the asymmetry in the signal level.

44. Claim 1 is an independent system claim and is representative. The remaining independent claims, computer readable medium claim 11 and method claim 21, recite elements similar to those of claim 1. The Accused Motorola Products do not practice every limitation required by those independent claims, and therefore, Motorola does not infringe any claim of the ’527 patent.

45. For example, claim 1 requires the steps of “determin[ing] asymmetries between the left speaker and the right speaker in frequency response, time alignment, and signal level for a listening position” and “applying an N-band equalization to the input audio signal to adjust for the asymmetry in the frequency response,” “a delay to the input audio signal to adjust for the asymmetry in the time alignment,” or “a gain to the input audio signal to adjust for the asymmetry in the signal level.” Motorola does not perform at least “determin[ing] asymmetries between the left speaker and the right speaker in frequency response, time alignment, and signal level for a listening position” or “applying an N-band equalization,” “a delay,” or “a gain to the input audio signal” to adjust for the enumerated asymmetries. For example, when outputting an audio signal,

the Accused Motorola Products do not determine asymmetries in frequency response, time alignment, and signal level between the earbuds or between the built-in speakers for a listening position. Accordingly, Motorola does not adjust for such asymmetries based on a listening position by applying an N-band equalization, a delay, or a gain.

46. Motorola, including the Accused Motorola Products, has not infringed and does not infringe any claims of the ’527 patent either directly, literally or under the doctrine of equivalents, contributorily, or by inducement. Motorola does not induce infringement of the ’527 patent claims for at least the reasons stated above with respect to no underlying direct infringement of the ’527 patent claims, and at least because Motorola has not acted with the knowledge and specific intent necessary for induced infringement. Motorola does not contributorily infringe the claims of the ’527 patent for at least the reasons stated above with respect to no underlying direct infringement of the ’527 patent claims, and at least because Motorola has not acted with the knowledge necessary for contributory infringement, and at least because the Accused Motorola Products have substantial non-infringing uses.

47. As set forth above, there exists an actual controversy between Motorola and Boomcloud with respect to alleged infringement of the ’527 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the ’527 patent.

48. Motorola seeks a judicial determination that Motorola has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the ’527 patent.

## PRAYER FOR RELIEF

WHEREFORE, Motorola respectfully requests that judgment be entered:

A. Declaring that Motorola does not infringe, either directly, contributorily, or by inducement, any claim of the Patents-in-Suit;

B. Declaring that judgment be entered in favor of Motorola and against Boomcloud on each of Motorola’s claims;

C. Finding this to be an exceptional case under 35 U.S.C. § 285;

D. Awarding Motorola its attorneys' fees and costs in connection with this action; and

E. Awarding Motorola any other remedy or relief that the Court deems just and proper.

**JURY DEMAND**

Motorola demands a trial by jury on all claims and issues so triable.

DATED: September 15, 2026

Respectfully submitted,

VINSON & ELKINS LLP

By: */s/ Steven D. Moore*
STEVEN D. MOORE